DEBORAH PARISI, Petitioner

v.

JOSEPH PARISI, III, Respondent

JOHN H. THOMAS, Petitioner for
Registration of Foreign Judgment

High Court of American Samoa
Trial Division

FJ No. 4-88

December 12, 1988

Before REES, Associate Justice.

Counsel: Petitioner John H. Thomas pro se

Petitioner Thomas, an attorney in California, has entered an appearance on his own behalf as the "owner of the enclosed Judgment." The judgment is a divorce decree between Mr. and Mrs. Parisi. The decree includes an award of support payments, court costs, and attorneys' fees to Mrs. Parisi. Petitioner has also filed an "Acknowledgment of Assignment of Judgment" executed by Mrs. Parisi in favor of petitioner. In affidavits filed with the Court petitioner Thomas now identifies himself as the judgment creditor.

The High Court of American Samoa will enforce a foreign judgment on the same terms as a judgment of the High Court itself. A.S.C.A. § 43.1703. An exhaustive search, however, has failed to yield an instance in which the High Court has executed a judgment (of its own or of any other court) on behalf of one who had purchased or otherwise acquired it from the original judgment debtor. Courts of other jurisdictions differ on the enforceability of a purchased judgment; whether and to what extent such a judgment is enforceable may depend on the circumstances of its acquisition.

Unfortunately, we know nothing of the circumstances under which Mr. Thomas acquired this judgment. Ordinarily we would hold an evidentiary hearing to find the facts, but Mr. Thomas is at a distance of five thousand miles from the Territory. Accordingly, Mr. Thomas is directed to supply the Court with the following information:

1) The consideration, if any, given by Mr. Thomas in exchange for the assignment;

2) Whether Mr. Thomas had represented Mrs. Parisi in the divorce or in any other matter, or performed other legal services for her; if so, the details of any such representation or services;

3) The connection, if any, between the assignment and any representation or other services provided by Mr. Thomas;

117

4) Whether Mr. Thomas advised Mrs. Parisi that she should seek the advice of separate counsel before entering into the assignment, and whether to the best of his knowledge she did seek such advice.

Mr. Thomas is directed to supply this information within thirty days.

It is so ordered.